IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sheena M. Debose, | ) | C/A No.: 5:11-3057-MBS-SVH |
|                   Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| World Finance Corporation of South Carolina, | ) | |
|                   Defendant. | ) | |

Plaintiff filed this employment discrimination case in South Carolina state court on September 16, 2011. [Entry #1-1]. Defendant removed the case to this court on November 9, 2011. [Entry #1]. Before the court is Plaintiff's failure to comply with a court order dated April 26, 2012. [Entry #21]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.). Because this is a dispositive matter, this Report and Recommendation is entered for review by the district judge.

On April 25, 2012, Plaintiff's counsel moved to be relieved pursuant to Plaintiff's desire to terminate the attorney-client relationship and seek alternative representation. [Entry #19]. The court granted the motion on April 26, 2012, and ordered Plaintiff to notify the court of the identity of her new counsel or, alternatively, whether she intended to proceed pro se by May 31, 2012. [Entry #21]. The court attached to its order a notice regarding representation to be completed and returned to the Clerk of Court by the May 31, 2012 deadline. *Id.* The order notified Plaintiff that failure to file the notice within the

allotted time may result in her case being dismissed for failure to prosecute. *Id.* at 2.  As of the date of this Report and Recommendation, Plaintiff has failed to comply with the court's order.

Based on the foregoing, it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b).  The Clerk is directed to send this Report and Recommendation to Plaintiff at her last known address.

If Plaintiff complies with the April 26, 2012 order within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 5, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).